NOS. 12-00-00105-CR


 12-00-00106-CR


 12-00-00107-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ERNEST EARL HARRISON, § APPEAL FROM THE 145TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF



THE STATE OF TEXAS,

APPELLEE § NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM
 

 Ernest Earl Harrison ("Appellant") appeals his convictions for aggravated sexual assault. He
was indicted for three separate offenses against two of his three stepdaughters. The cases were
consolidated and tried together. A jury found Appellant guilty as charged and assessed his punishment
at thirty years of imprisonment in each case to run concurrently. Appellant raises a single issue
asserting the trial court erred by allowing the testimony of a witness during the punishment phase of the
trial, which included an allegation of an extraneous offense. He contends that he was given untimely
notice of the State's witness and no notice of the State's intent to introduce the extraneous offense. We
affirm.

 The issue raised does not involve the facts of the case. Therefore, we will only mention the
basis of the indictments were allegations of sexual assault by two of his three stepdaughters against
Appellant. Appellant's issue is whether the trial court properly allowed the testimony of the third
stepdaughter at the punishment phase of the trial. She described an incident where Appellant had
sexually assaulted her.

 Appellant filed discovery motions which, among other items, requested a witness list from the
State and notice of intent to offer extraneous offenses. The State points out that the motions were filed
only in two of the three cases and accompanying orders were never signed by the trial court. This
argument is without merit in view of the consolidation of all three cases. Also, the State contends that,
because the orders were unsigned, it was not required to provide the information. We do not agree. 
During pre-trial discussions between the court, Appellant's counsel and the State's attorney, the record
reflects that the trial judge intended for the State to provide the requested discovery and that the State
knew that it should comply. 

 The question raised by Appellant is whether the trial court erred in allowing evidence of an
extraneous offense to be presented to the jury through the testimony of the third stepdaughter. He
maintains that he received no notice of the State's intent, as required by article 37.07, section 3(g), of
the Texas Code of Criminal Procedure (Vernon Supp. 2001), when a timely request is made. The State
did provide counsel with the names of its witnesses, including the third stepdaughter, on the day of trial
contending that it had just learned of her outcry. However, since the witness did not testify at the
guilt/innocense phase, we need not discuss the timeliness of the notice. The issue is the lack of notice
of intent to introduce an extraneous offense through the witness's testimony at the punishment phase. 
The State's notice of the witness did not include the content of her testimony.

 Appellant objected to the third stepdaughter's testimony on the basis of its extraneous offense
content. The trial court overruled Appellant's extraneous offense objections. To support those
objections, Appellant cites the reasonable notice requirement contained in article 37.07, section 3(g),
of the Texas Code of Criminal Procedure. The purpose of article 37.07, section 3(g), is to avoid unfair
surprise and trial by ambush. In other words, the purpose is to allow the defendant time to prepare for
the State's introduction of the evidence of other bad acts at trial. Chimney v. State, 6 S.W.3d 681, 693
(Tex. App.-Waco 1999, no pet.). Therefore, since Appellant had timely requested notice from the
State, we hold that the admission of the extraneous offense testimony was error.

 A trial court's admission of extraneous offense testimony is reviewed under the abuse of
discretion standard. See Santellan v. State, 939 S.W.2d 155, 168-69 (Tex. Crim. App. 1997); Wilks
v. State, 983 S.W.2d 863, 866 (Tex. App.-Corpus Christi 1998, no pet.). The decision to admit such
evidence will be upheld so long as the trial court properly admitted the evidence in light of the
applicable standards and its decision lies within the zone of reasonable disagreement. See Rankin v.
State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996). In view of the State's failure to timely advise
Appellant of its intent to introduce an extraneous offense through the testimony of the third daughter,
as properly requested, the trial court's overruling his objection was an abuse of discretion.

 The erroneous admission of evidence of an extraneous offense does not constitute constitutional
error. Garza v. State, 963 S.W.2d 926, 929 (Tex. App.-San Antonio 1998, no pet.). Further, we
disregard a nonconstitutional error, such as the violation of an evidentiary rule, if it does not affect a
substantial right of the defendant. Tex. R. App. P. 44.2(b); Garza, 963 S.W.2d at 929. A substantial
right is affected ". . .when the error had a substantial and injurious effect or influence in determining
the jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

 Appellant argues that he was harmed by the admission of the extraneous offense evidence
because he did not have time to prepare a defense. We disagree. Appellant was indicted for sexually
assaulting two of his three stepdaughters. The jury found him guilty as charged. The third
stepdaughter, who, according to the State, made her allegation only shortly before trial, testified that
Appellant had also abused her. After hearing all the evidence on punishment, the jury returned with a
verdict of thirty years of imprisonment. We agree that Appellant has a substantial right to present a
defense to the charges and require the State to prove every aspect of its case. We do not agree, however,
that this right was affected by the erroneously introduced extraneous offense evidence during the
punishment phase of the trial. With respect to the aggravated sexual assault charges, the jury heard the
testimony of the victims named in the indictment as to how Appellant had sexually assaulted them. The
jury also heard Appellant's denial of these charges. The jury was then called upon to assess Appellant's
punishment for sexually assaulting two of his stepdaughters. Aggravated sexual assault is a first degree
felony with a punishment range of five to ninety-nine years, or life, and a fine not to exceed $10,000.00. 
Tex. Pen. Code Ann. § 22.0219(e) and § 12.32 (Vernon 1994). We are unable to conclude that
Appellant has established that the erroneously admitted testimony of the third stepdaughter affected the
jury's determination of the length of imprisonment for the offenses against the other two stepdaughters. 
King, 953 S.W.2d at 271. Appellant has failed to show harm from the court's erroneous admission of
the testimony of the extraneous offense. Appellant's issue is overruled.

 The judgment of the trial court is affirmed.

Opinion delivered September 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

(DO NOT PUBLISH)